# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACK E. MAHURIN,  No. 2:20-cv-1351

        Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC, and
BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT,

        Defendants.

## COMPLAINT IN CIVIL ACTION

Plaintiff Jack E. Mahurin, by and through his attorneys, Peter D. Friday, Esquire, John K. Bryan, Esquire, William D. Phillips, Esquire, and Friday & Cox, LLC complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which gives district courts jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and where complete diversity of citizenship exists between plaintiff and all defendants.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiff Jack E. Mahurin is an adult individual currently residing in Duval County, Florida at 3200 Hartley Road, Jacksonville, Florida 32257.

4. Defendant BMW of North America, LLC (herein "BMW NA") is a Delaware limited liability company with its principal place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07675.

5. At all relevant times, defendant BMW NA was engaged in the business of designing, manufacturing, engineering, developing, marketing, selling and distributing passenger vehicles.

6. At all relevant times, defendant BMW NA regularly conducted business in and availed itself of the laws of the Commonwealth of Pennsylvania, gaining substantial revenue therefrom.

7. Defendant Bayerische Motoren Werke Aktiengessellschaft (herein "BMW AG"), is a German corporation with its principal place of business located at Petuelring 130, 80809 Munich, Germany.

8. Defendant BMW AG is the parent company of BMW NA. Defendants BMW AG and BMW NA shall collectively be referred to herein as "BMW defendants."

9. At all relevant times, defendant BMW AG was engaged in the business of designing, manufacturing, engineering, developing, marketing, selling and distributing passenger vehicles.

10. At all relevant times, defendant BMW AG conducted business in and availed itself of the laws of the Commonwealth of Pennsylvania, gaining substantial revenue therefrom.

**FACTUAL BACKGROUND**

11. At all relevant times, plaintiff owned a 2005 BMW 325CI vehicle, VIN WBABD33465PL06757 (herein "BMW"), which was designed, manufactured, assembled,

distributed, sold, tested and otherwise placed into the stream of commerce by the BMW defendants.

12. At all relevant times, there existed an unreasonably dangerous, unsafe, hazardous and defective condition of the driver side airbag of the BMW 325CI model for years 2002-2006, such that the airbag was susceptible to moisture intrusion which, over time, could cause the inflator to rupture. In the event of the airbag deploying in a crash, the inflator would rupture causing sharp metal fragments to be violently released.

13. At all relevant times, the BMW defendants were aware of the aforementioned defective condition existing in its vehicles.

14. At all relevant times, the aforementioned defective airbag condition existed in plaintiff's BMW.

15. On October 26, 2018, at or around 9:32 p.m., plaintiff was operating the BMW, traveling north on Ohio River Boulevard near the McKees Rocks Bridge in Pittsburgh, Pennsylvania.

16. Plaintiff fell asleep and/or otherwise lost control while operating the BMW, at which time the BMW was caused to collide head-on with a vehicle in front of the BMW.

17. Upon impact, the driver frontal airbag deployed, violently releasing sharp metal fragments, which penetrated plaintiff's chest and neck region.

18. Plaintiff's chest and neck region came in contact only with the deployed airbag system, and plaintiff did not strike a roof support, windshield, or any other part of the interior passenger compartment of the BMW.

19. As a direct and proximate result of the aforementioned deployment of the airbag system in the BMW, plaintiff has sustained the following severe injuries, some of which are or may be permanent:

    a)    Laceration with foreign body of trachea;

    b)    Fracture of neck;

    c)    Laceration with foreign body of right front wall of thorax with penetration into thoracic cavity;

    d)    Acute respiratory failure with hypoxia;

    e)    Laceration with foreign body of thyroid gland;

    f)    Laceration with foreign body of pharynx and cervical esophagus;

    g)    Traumatic subcutaneous emphysema;

    h)    Laceration of neck;

    i)    Laceration with foreign body of vocal cord;

    j)    Paralysis of vocal cords and larynx;

    k)    Laceration of left ear;

    l)    Esophageal injury;

    m)    Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

    n)    Nervousness, emotional tension, anxiety and depression.

20. As a direct and proximate result of the aforementioned deployment of the airbag system in the BMW, plaintiff has suffered the following damages, some or all of which may be continuing:

    a)    Plaintiff has endured great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

    b)    Plaintiff will be required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances,

      rehabilitation and therapeutic treatment, medicines, and other attendant services;

c)    Plaintiff has undergone several surgeries and will have to undergo additional surgeries in the future;

d)    Plaintiff has suffered lost earnings, and his earning capacity has been reduced and may be permanently impaired;

e)    Plaintiff has been unable to enjoy various pleasures of life that were previously enjoyed;

f)    Plaintiff's general health, strength, and vitality have been impaired; and

g)    Plaintiff has suffered severe scarring and disfigurement.

## COUNT I
### *Jack E. Mahurin vs. BMW of North America, LLC and Bayerische Motoren Werke Aktiengesellschaft*
**Negligence**

21. The preceding paragraphs are incorporated herein by reference.

22. The BMW defendants designed, manufactured, assembled, distributed, sold, tested and otherwise placed into the stream of commerce the BMW operated by plaintiff at the time of the incident.

23. At all relevant times, BMW defendants had a duty to design, manufacture, assemble and sell the subject vehicle and the air bag deployment system with no defects which would cause an unreasonably unsafe condition and further owed a duty to design, manufacture, market and sell a crashworthy vehicle.

24. Plaintiff's injuries and damages were a direct and proximate result of the negligence of the BMW defendants in the following manners:

a)    In failing to discover the defect in the airbag system when defendants knew or should have known that such a defect existed;

b)   In failing to follow standard industry and company safety rules and procedures;

c)   In failing to correct the hazardous, unsafe and dangerous condition of the airbag system;

d)   In failing to properly design, engineer, manufacture, and service the BMW in such a way as to avoid injury to plaintiff;

e)   In failing to provide an airbag system that was safe for users;

f)   In failing to take steps necessary to repair the airbag system;

g)   In failing to adequately inspect the airbag system for dangerous and/or defective conditions;

h)   In failing to properly test the airbag system;

i)   In failing to design, engineer and manufacture a functioning airbag system;

j)   In failing to design, engineer and manufacture a vehicle that was safe for use;

k)   In failing to adequately warn or inform the public, of the risk of the airbag system;

l)   In failing to employ trained agents, servants and/or employees to properly design, engineer, manufacture, inspect and test the airbag system;

m)   In failing to properly test the airbag system for its propensity to deploy sharp metal fragments;

n)   In failing to design, engineer and manufacture an airbag system that would not deploy sharp metal fragments;

o)   In failing to adequately warn or instruct the public as to the airbag system's propensity to deploy sharp metal fragments;

p)   In concealing the dangerous propensity of the airbag system to deploy sharp metal fragments;

q)   In failing to design, manufacture, engineer and sell a vehicle with an airbag system that would protect an occupant from injury during a crash;

r)   In failing to employ trained agents, servants and/or employees to properly design, engineer, manufacture, inspect and test the airbag system to prevent injuries to occupants when the airbag system deployed;

    s)    In intentionally misrepresenting testing data pertaining to the airbag system's propensity to release sharp metal fragments;

    t)    In increasing the risk of severe injury to vehicle occupants;

    u)    In violating federal, state and automotive industry rules, regulations, standards and laws governing airbag system safety;

    v)    In using an airbag system that failed to guard and protect occupants from injuries caused by the airbag system;

    w)    In misrepresenting the crashworthiness and safety of the vehicle; and

    x)    In failing to properly or adequately communicate to plaintiff and the general public concerning the airbag system.

25. Some or all of the above tortious conduct of the BMW defendants demonstrated wanton, willful, reckless and outrageous indifference to plaintiff's safety.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants BMW NA and BMW AG in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT II
*Jack E. Mahurin vs. BMW of North America, LLC and Bayerische Motoren Werke Aktiengesellschaft*
**Strict Products Liability**

26. The preceding paragraphs of the Complaint are incorporated herein by reference.

27. Plaintiff's severe injuries and damages were caused by the defective nature of the airbag system in plaintiff's BMW.

28. The BMW owned by plaintiff was designed, manufactured, assembled, distributed, sold, tested and otherwise placed into the stream of commerce by the BMW defendants.

29. The airbag system of plaintiff's BMW was defective in that it was susceptible to moisture intrusion, which, over time, could cause the inflator to rupture, whereby sharp metal fragments would be violently released upon deployment of the airbag.

30. The defect existed at the time the BMW left the BMW defendants' care, custody, and control.

31. The defect rendered the BMW unreasonably dangerous for its intended use.

32. As the result of the defective nature of the BMW, BMW defendants are strictly liable to plaintiff pursuant to § 402A of the Restatement (Second) of Torts.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants BMW NA and BMW AG in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT III
### *Jack E. Mahurin vs. BMW of North America, LLC and Bayerische Motoren Werke Aktiengesellschaft*
### Breach of Warranty

33. The preceding paragraphs of the Complaint are incorporated herein by reference.

34. At the time the BMW defendants sold the BMW, defendants warranted, by implied warranty of merchantability, that the BMW was free from defects and was safe and suitable for the uses for which it was intended.

35. The BMW defendants breached the aforesaid warranties by implied warranty of merchantability, by providing plaintiff with a vehicle which was defective as more fully described above, and which was neither adequate nor suitable for the uses for which it was intended.

36. As the direct result of the BMW defendants' breach of their implied warranties, plaintiff suffered severe and disabling injuries as more fully described above.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants BMW NA and BMW AG in an amount in excess of $75,000, exclusive of interest and costs, and such further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

                                    Respectfully submitted,

By: */s/ Peter D. Friday*
Peter D. Friday, Esquire
PA I.D. # 48746

John K. Bryan, Esquire
PA I.D. # 62901

William D. Phillips, Esquire
PA I.D. # 05484
Attorneys for Plaintiffs