**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACK E. MAHURIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 20-1351 |
| BMW OF NORTH AMERICA, LLC, and | ) |
| BAYERISCHE MOTOREN WERKE | ) |
| AKTIENGESELLSCHAFT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiff Jack E. Mahurin alleges negligence, strict products liability and breach of warranty claims against Defendants BMW of North America, LLC ("BMW NA") and Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") in connection with injuries he allegedly sustained when the driver's front airbag in a BMW vehicle he was operating deployed.[1]  (*See* Docket No. 1).  Presently before the Court is BMW AG's Motion to Dismiss for Lack of Personal Jurisdiction, which is opposed by Plaintiff.[2]  (Docket Nos. 14, 21, 24).  After careful consideration of the parties' arguments in light of the prevailing legal standards, BMW AG's Motion will be granted, Plaintiff's claims against BMW AG will be dismissed with prejudice, and BMW AG will be terminated as a party in this litigation.

---

[1]     The Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.

[2]     BMW NA has filed an Answer and Affirmative Defenses to Plaintiff's Complaint.   (Docket No. 10).

1

II.   **BACKGROUND**

The Complaint alleges that BMW AG is the parent company of BMW NA.   (Docket No. 1, ¶ 8).   BMW NA is a Delaware limited liability company with its principal place of business in New Jersey, and BMW AG is a German corporation with its principal place of business in Munich, Germany.   (*Id.*, ¶¶ 4, 7).   According to Plaintiff, BMW NA and BMW AG are engaged in the business of designing, manufacturing, engineering, developing, marketing, selling and distributing passenger vehicles.   (*Id.*, ¶¶ 5, 9).   Plaintiff, who is a resident of Florida, owned a 2005 BMW 325Ci vehicle, VIN No. WBABD33465PL06757 (the "subject vehicle"), which he alleges was designed, manufactured, assembled, distributed, sold, tested and "otherwise placed into the stream of commerce" by BMW NA and BMW AG.   (*Id.*, ¶¶ 3, 11).

On October 26, 2018, Plaintiff alleges that he was driving the subject vehicle on Ohio River Boulevard in Pittsburgh, Pennsylvania when he fell asleep or otherwise lost control of it and collided with another vehicle.   (Docket No. 1, ¶¶ 15, 16).   Plaintiff claims that the driver's side airbag deployed upon impact and released sharp metal fragments, which penetrated his neck and chest area and caused him to suffer numerous injuries.   (*Id.*, ¶¶ 17, 19).   As stated, Plaintiff asserts claims against BMW NA and BMW AG for negligence, strict products liability and breach of warranty.   (Docket No. 1, ¶¶ 21-36).

BMW AG has moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).   (Docket No. 14).   Relevant to the contested issue of personal jurisdiction, BMW AG points out that Plaintiff's Complaint only alleges that BMW AG "conducted business in and availed itself of the laws of Pennsylvania, gaining substantial revenue therefrom."   (Docket No. 14 at 3) (citing Docket No. 1, ¶ 10)).   According to BMW AG, even if

true, that allegation is insufficient to establish personal jurisdiction in this case because "there is a striking absence of any contacts between [it] and the Commonwealth of Pennsylvania." (*Id.*). Consequently, BMW AG maintains that Plaintiff cannot satisfy his burden to establish that it is subject to personal jurisdiction in Pennsylvania. (*Id.* at 4).

In support of the Motion, BMW AG provided the Declaration of its in-house legal counsel, Jakob Hölldobler and Fabian Krause (the "Declaration"). (Docket No. 14-2, ¶ 3). As explained in the Declaration, BMW AG is a German automobile, motorcycle and engine manufacturing company organized and incorporated under the laws of the Federal Republic of Germany with its headquarters in Munich, Germany. (*Id.*, ¶ 4). BMW AG designs BMW brand motor vehicles, including the subject vehicle model year, principally in Germany, and does not engage in any such activities in the Commonwealth of Pennsylvania. (*Id.*, ¶ 5).

As further explained in the Declaration, BMW NA is an indirect subsidiary of BMW AG. (Docket No. 14-2, ¶ 6). BMW AG is a distinct legal entity, and four intermediary entities separate it from BMW NA,[3] which is a limited liability company formed under the laws of the State of Delaware with its principal place of business in New Jersey. (*Id.*, ¶¶ 6, 7). BMW AG has a Board of Managers who manage its business, and those individuals are not officers or employees of BMW NA. (*Id.*, ¶ 4). Moreover, BMW AG and BMW NA each have their own separate procedures and policies for their respective operations. (*Id.*, ¶ 8).

The Declaration additionally explains that BMW AG does not control the distribution of BMW vehicles in the United States, including in the Commonwealth of Pennsylvania; rather, BMW NA is the exclusive distributor for new BMW brand vehicles to the public in the United

---

3       As stated, the Complaint alleges that BMW AG is the parent company of BMW NA. (Docket No. 1, ¶ 8). The Declaration clarifies the corporate relationship of BMW AG and BMW NA, and Plaintiff has not submitted any evidence to contradict that the companies are distinct legal entities which are separated by four intermediary entities.

States.   (Docket No. 14-2, ¶ 10).   Further, BMW AG does not distribute or make direct sales of BMW vehicles to dealers or to the general public in Pennsylvania; BMW AG does not maintain a sales force in Pennsylvania; BMW AG is not licensed or authorized to do business in Pennsylvania; BMW NA does not have a general agent for service of process in Pennsylvania; and BMW NA does not pay taxes or own any real estate in Pennsylvania.   (*Id.*, ¶¶ 11-13, 16-18).

In response to the Motion, Plaintiff concedes that Pennsylvania does not have general personal jurisdiction over BMW AG, but he contends that specific personal jurisdiction exists. (Docket No. 21 at 4).   First, Plaintiff maintains that Pennsylvania's Long-Arm Statute authorizes specific personal jurisdiction over BMW AG.   (*Id.* at 4-6).   Additionally, Plaintiff argues that BMW AG has sufficient minimum contacts with Pennsylvania because it "has satisfied the stream of commerce test" by "shipp[ing] its goods into Pennsylvania indirectly through its subsidiary BMW NA and local authorized dealerships across [the state]."   (*Id.* at 8).   In support of this position, Plaintiff attached to its Response both a map and a listing of BMW dealerships in Pennsylvania.   (Docket Nos. 21-1; 21-2).   Finally, Plaintiff submits that exercising jurisdiction over BMW AG would not violate traditional notions of fair play and substantial justice.   (Docket No. 21 at 10-11).

BMW AG counters that Plaintiff has not pled any facts to demonstrate that it engaged in contacts with Pennsylvania, other than placing the subject vehicle into the stream of commerce and it eventually wound its way to Pennsylvania.   (Docket No. 24 at 4).   BMW AG further argues that Plaintiff has failed to present any rebuttal evidence to show that it did anything to target Pennsylvania.   (*Id.* at 5).

4

### III.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction.   *See* Fed. R. Civ. P. 12(b)(2).   When a defendant raises the defense of the court's lack of personal jurisdiction, the plaintiff has the burden of coming forward with facts to establish that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).   "[O]nce a defendant has raised a jurisdictional defense," the plaintiff must "prov[e] by affidavits or other competent evidence that jurisdiction is proper."   *Id.* (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)).   If the district court does not hold an evidentiary hearing, as in this case, a plaintiff "need[] only establish a prima facie case of personal jurisdiction."   *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citation omitted).   "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state."   *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotation marks and citation omitted).   Finally, "in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff."   *Metcalfe*, 566 F.3d at 330 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)).

### IV.   ANALYSIS

"Personal jurisdiction can be either general jurisdiction or specific jurisdiction." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (citations omitted).   General jurisdiction exists when a defendant's contacts with the forum state are "so continuous and systematic as to render [it] essentially at home [there]."   *Goodyear Dunlop Tires*

5

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted).    On the other hand, specific jurisdiction exists when a plaintiff's claim arises out of a defendant's forum-related activities such that the defendant "should reasonably anticipate being haled into court there."    *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

As stated, Plaintiff concedes that general personal jurisdiction does not exist over BMW AG, (*see* Docket No. 21 at 4), thus the only question is whether the Court can exercise specific personal jurisdiction over BMW AG.    According to Plaintiff, the Court may do so because jurisdiction is authorized by Pennsylvania's Long-Arm Statute and the exercise of jurisdiction comports with due process.    (Docket No. 21 at 3-9).    Contrary to Plaintiff's position, the Court finds that he has failed to sustain his burden to establish a prima facie case that the exercise of specific personal jurisdiction over BMW AG is proper here.

Initially, Plaintiff maintains that BMW AG is subject to personal jurisdiction under two provisions of Pennsylvania's Long-Arm Statute: (1) shipping merchandise directly or indirectly into or through the Commonwealth, 42 PA. CONS. STAT. § 5322(a)(1)(iii);[4] and (2) causing harm or tortious injury in the Commonwealth by an act or omission outside the Commonwealth, *id.*, § 5322(a)(4).[5]    (*See* Docket No. 21 at 5-6).    Even assuming that BMW AG's conduct falls within the parameters of §§ 5322(a)(1)(iii) or 5322(a)(4), the Court still must evaluate whether

---

[4]    On this point, Plaintiff submits that BMW AG "indirectly" ships merchandise to Pennsylvania through BMW NA by supplying vehicles to BMW NA, which in turn supplies vehicles to BMW dealerships in Pennsylvania, as shown by both a map and a listing of the dealerships that are attached to Plaintiff's Response.    (Docket Nos. 21 at 5; 21-1, 21-2).

[5]    Plaintiff maintains that the Long-Arm Statute provides for specific personal jurisdiction on this basis because the harm occurred in Pennsylvania when the airbag deployed during the crash.    (Docket No. 21 at 6).

BMW AG's contacts with Pennsylvania are sufficient for due process purposes. *See Prominent GmbH v. Prominent Sys., Inc.*, No. 2:16-CV-01609, 2017 WL 1316362, at *16 (W.D. Pa. Apr. 10, 2017) ("[E]ven assuming that personal jurisdiction could somehow be maintained over [the defendants] under Pennsylvania's long-arm statute, that does not end the inquiry because the court 'cannot presume that jurisdiction is proper simply because the requirements of a long-arm statute have been met. . . . [The court] must still determine whether the strictures of constitutional due process (i.e., minimum contacts and notions of fair play and substantial justice) would be observed by asserting jurisdiction.' ") (quoting *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 202 (3d Cir. 1996)); *see also Willyoung v. Colorado Custom Hardware, Inc.*, Civ. No. 1:08-cv-17, 2009 WL 3183061, at *4 (W.D. Pa. Sept. 30, 2009) ("[T]he determination of personal jurisdiction is technically a two-step process whereby we first consider whether the Commonwealth's Long-Arm Statute provides a basis for personal jurisdiction and then test the exercise of that jurisdiction against due process principles.   However, because § 5322(b) of the Long-Arm statute authorizes jurisdiction to the fullest extent permissible under the U.S. Constitution, Pennsylvania courts typically restrict their personal jurisdiction inquiry to the question whether the exercise of personal jurisdiction over the nonresident defendant would be constitutional.") (internal citations omitted).   Consequently, the Court next considers Plaintiff's argument that specific personal jurisdiction exists because BMW AG has sufficient minimum contacts with Pennsylvania under a stream of commerce theory.   (*See* Docket No. 21 at 6-9).

### A.  Legal Principles Governing Specific Personal Jurisdiction

"A District Court typically exercises personal jurisdiction according to the law of the state where it sits, in this case Pennsylvania."   *Cruickshank-Wallace v. CNA Fin. Corp.*, 769 F. App'x 77, 79 (3d Cir. 2019) (citing Fed. R. Civ. P. 4(k)(1)(A)).   Under Pennsylvania law,

specific personal jurisdiction over a nonresident defendant is permitted "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution."   42 PA. CONS. STAT. § 5322(b); *see O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing § 5322(b)).   Accordingly, Plaintiff must establish that BMW AG has "certain minimum contacts with . . . [the Commonwealth of Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."   *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).   In determining whether there are sufficient minimum contacts, the court must determine whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."   *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

The Third Circuit Court of Appeals has condensed the specific jurisdiction analysis, which "focuses on the relationship among the defendant, the forum, and the litigation," *Walden v. Fiore*, 571 U.S. 277, 284 (2014), into three parts.   First, "the defendant must have 'purposefully directed [its] activities' at the forum." *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472).   Second, "the litigation must 'arise out of or relate to' at least one of those activities."   *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).   Third, "if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.' "   *Id.* (quoting *Burger King*, 471 U.S. at 476).

The Court of Appeals has made clear that the first two parts of the analysis assess whether a defendant has the requisite minimum contacts with the forum.   *D'Jamoos*, 566 F.3d

at 102.   "The threshold requirement is that the defendant must have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.' "   *Id.* at 103 (quoting *Hanson*, 357 U.S. at 253).   To meet this requirement, a defendant's contacts must amount to "a deliberate targeting of the forum."   *Id.* (quoting *O'Connor*, 496 F.3d at 317).

### B. <u>Plaintiff has failed to sustain his burden to establish a prima facie case that the exercise of specific personal jurisdiction over BMW AG is proper in this case.</u>

Accepting Plaintiff's allegations pled in the Complaint as true and construing any disputed facts in his favor, *see Metcalfe*, 566 F.3d at 330, the Court finds that Plaintiff has failed to sustain his burden to establish a prima facie case that the Court may properly exercise specific personal jurisdiction over BMW AG here.

Initially, Plaintiff has not satisfied the first part of the specific jurisdiction inquiry concerning purposeful availment.   Although Plaintiff broadly alleges that BMW AG "conducted business in and availed itself of the laws of the Commonwealth of Pennsylvania, gaining substantial revenue therefrom," (Docket No. 1, ¶ 10), the Complaint contains no allegations that BMW AG "purposefully directed [its] activities" at Pennsylvania.   *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472).   Rather, the Complaint alleges only that BMW AG (and BMW NA) "otherwise placed [the subject vehicle] into the stream of commerce."   (Docket No. 1, ¶ 11).   Building on that allegation, Plaintiff argues that this Court can properly exercise specific personal jurisdiction over BMW AG under a stream of commerce theory, claiming that it shipped goods "indirectly" to Pennsylvania through BMW NA and local dealerships across Pennsylvania.   (Docket No. 21 at 8).

"The stream-of-commerce theory contends, essentially, that specific personal jurisdiction exists over a non-resident defendant when that defendant 'has injected its goods into the forum

state indirectly via the so-called stream of commerce,' rendering it foreseeable that one of the defendant's goods could cause injury in the forum state." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (quoting *D'Jamoos*, 566 F.3d at 104-05). The stream of commerce theory has not been adopted by a majority of the Supreme Court, and the Third Circuit Court of Appeals has declined to endorse it. *See id.* ("We thus have no cause to revisit our Court's precedent on this issue, and we decline to adopt the Shukers' stream-of-commerce theory of personal jurisdiction."). Rather, Third Circuit precedent requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 109 (1987)). To reiterate, " 'what is necessary is a deliberate targeting of the forum,' . . . so efforts 'to exploit a national market' that 'necessarily included Pennsylvania' are insufficient." *Id.* (quoting *O'Conno*r, 496 F.3d at 317; *D'Jamoos*, 566 F.3d at 104).

In view of this controlling Third Circuit precedent, the Court finds that Plaintiff's stream of commerce theory of specific personal jurisdiction fails. *See Shuker*, 885 F.3d at 780 ("We perceive no merit in the Shukers' stream-of-commerce theory of personal jurisdiction.").

To the extent Plaintiff seeks to establish specific personal jurisdiction over BMW AG without reference to the stream of commerce theory, the Complaint contains no allegations which meet the Third Circuit's requirement of purposeful availment. *See D'Jamoos*, 566 F.3d at 103; *O'Connor*, 496 F.3d at 317 (a defendant's contacts must amount to "a deliberate targeting of the forum"). Underscoring that point, the Declaration submitted by BMW AG demonstrates that it has not engaged in any activities which deliberately target Pennsylvania. To that end, BMW AG is a German company incorporated under the laws of Germany, which designs BMW

brand motor vehicles principally in Germany.   (Docket No. 14-2, ¶¶ 4, 5).   BMW AG's headquarters is in Munich, Germany, it is not registered or authorized to do business in Pennsylvania, it has no physical presence in Pennsylvania, and it does not maintain a sales force here.   (*Id.*, ¶¶ 4, 12, 16-18).   As to BMW AG's relationship with BMW NA, the two companies are distinct legal entities, which are separated by four intermediary entities.   (*Id.*, ¶¶ 6, 7).   BMW AG does not control the distribution of BMW vehicles in the United States, including in the Commonwealth of Pennsylvania; rather, BMW NA is the exclusive distributor for new BMW vehicles to the public in the United States.   (*Id.*, ¶ 10).   Additionally, BMW AG does not distribute or make direct sales of BMW vehicles to dealers or to the general public in Pennsylvania.   (*Id.*, ¶¶ 11, 13).

Confronted with the foregoing information showing that BMW AG does not deliberately target Pennsylvania, Plaintiff has not "prov[en] by affidavits or other competent evidence that jurisdiction is proper."   *Metcalfe*, 566 F.3d at 330 (citation omitted).   Rather, Plaintiff contends that BMW AG "purposefully availed itself to Pennsylvania by transacting business in Pennsylvania through its intermediaries" and only has offered a map and a list identifying the location of BMW dealerships in Pennsylvania to support that contention.   (Docket Nos. 21 at 9; 21-1; 21-2).   In this Court's estimation, evidence that BMW dealerships exist in Pennsylvania does not establish that BMW AG itself has undertaken any acts which deliberately target Pennsylvania sufficient to meet the Third Circuit's requirement of purposeful availment.

The Court further observes that Plaintiff's assertion that BMW AG "purposefully availed itself to Pennsylvania by transacting business [here] through its intermediaries," (Docket No. 21 at 9), is contradicted by the evidence of record, even construed in the light most favorable to Plaintiff.   As explained in the Declaration, BMW AG and BMW NA are separate legal entities,

and BMW AG does not control the distribution of BMW vehicles in the United States, including in Pennsylvania; rather, BMW NA is the exclusive distributor for BMW vehicles to the public in the United States.   (Docket No. 14-2; ¶¶ 7, 10).   Here again, Plaintiff has provided no evidence to the contrary.   However, even if Plaintiff had shown the existence of an agency relationship between the two entities pursuant to which BMW AG transacted business through BMW NA as Plaintiff claims, the Supreme Court has made clear that that a non-resident defendant contracting with a resident distributor is insufficient to establish specific jurisdiction.   *See Bristol-Myers Squibb Co. v. Superior Court of Calif.*, 137 S.Ct. 1773, 1783 (2017) ("The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State.").   Moreover, to the extent Plaintiff seeks to impute any of BMW NA's Pennsylvania contacts to BMW AG, he has cited no authority for doing so in the context of distinct corporate entities which are separated by four intermediary entities.   (*See* Docket No. 14-2, ¶ 7) (explaining that BMW AG and BMW NA are distinct legal entities separated by four intermediary entities)).   Indeed, this argument has been rejected as a basis for personal jurisdiction even in the closer parent-subsidiary context.   *See Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008) (quoting *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent. . . .")).

In sum, even accepting Plaintiff's allegations as true and viewing all factual disputes in his favor, Plaintiff has not sustained his burden to establish that the exercise of specific personal jurisdiction is proper.   Plaintiff's evidence showing that BMW dealerships exist in Pennsylvania does not establish that BMW AG has purposefully directed its activities at Pennsylvania.   For the same reasons, Plaintiff has failed to satisfy the second part of the specific

personal jurisdiction analysis, requiring that the litigation "arise out of or relate to" BMW AG's activities in Pennsylvania.

Because Plaintiff has failed to establish that the first and second parts of the specific jurisdiction analysis are met, the Court need not consider, under the third part, whether the exercise of specific jurisdiction over BMW AG "would comport with 'fair play and substantial justice.' "   *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

## V.   CONCLUSION

For reasons set forth herein, the Court concludes that it does not have personal jurisdiction over BMW AG.   Accordingly, BMW AG's Motion to Dismiss (Docket No. 14) is granted, Plaintiff's claims against BMW AG are dismissed with prejudice,[6] and BMW AG is terminated as a party in this litigation.

An appropriate order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:   March 18, 2022

cc/ecf:  All counsel of record

---

[6]    For reasons discussed herein, dismissal with prejudice is warranted because amendment would be futile in this case.   *See Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (internal quotations omitted) (although leave to amend should be freely granted "when justice so requires . . . a court may deny leave to amend when such amendment would be futile").